STEWART v JENSON

TRIAL—DIRECTED VERDICT—EVIDENCE—BURDEN OF PROOF.

A plaintiff bears the burden of proving a prima facie case of negligence, and where there was no direct evidence and little, if any, circumstantial evidence which would connect the defendants with the alleged tortious act, a directed verdict for defendants was proper, because the evidence fell short of the quantum of proof necessary to establish a jury-submissible question.

Appeal from Wayne, James R. Stelt, J. Submitted Division 1 January 9, 1973, at Detroit. (Docket No. 13147.) Decided February 26, 1973.

Complaint by Melvin Stewart, for himself and as next friend of Vivian A. Stewart, against Mary L. Jenson, Kathryn Burton, and John Doe for damages resulting from an automobile accident. Directed verdict for defendants. Plaintiff appeals. Affirmed.

*Lawrence W. Rattner,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendants and Motor Vehicle Accident Claims Fund.

Before: J. H. GILLIS, P. J. and BASHARA and O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE

57 Am Jur 2d, Negligence § 9.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM. On November 4, 1971, trial was commenced before a Wayne County Circuit Court jury. Proofs were presented by the plaintiff-appellant.[1] At the end of plaintiff's proofs, defendants made a motion for a directed verdict. The motion was granted and judgement was entered pursuant thereto. On November 19, 1971, plaintiff argued a motion for new trial before the trial court. The motion was denied. It is from that denial that plaintiff brings this appeal.

Plaintiff, Vivian Ann Stewart, testified that she was involved in an accident on June 24, 1968, at approximately 12:30 a.m., while driving south on the John Lodge Expressway. Stewart testified that just minutes prior to the accident she observed a white Chevrolet traveling behind her automobile. She recognized the car as being a Chevrolet.[2] After the accident it took the plaintiff about three minutes to get out of her car. When she finally did get out, she saw a white Chevrolet parked behind her vehicle. Plaintiff testified that she did not see the car as it struck her but merely saw lights behind her car and felt an impact on the left side of her car.

The plaintiff called one Debra Simpson as a witness. Simpson testified that she was a passenger in the plaintiff's automobile when the accident occurred. She stated that she did not see any car behind or beside the plaintiff's vehicle prior to the accident. Simpson testified that she saw a white car after the accident parked on the shoulder of the expressway but she did not know the make of this car.

[1] Plaintiff's father joined in this action to recover for property damage to his automobile, monies expended for medical treatment and medication and for loss of normal companionship.

[2] Her observations were necessarily limited to what she allegedly observed in the mirror of her own vehicle.

The defendant, Mary Jenson, testified that she was the owner of the white Chevrolet which was parked at the scene of the accident. She further testified that on June 23, 1968, at approximately 1:00 a.m., she was driving her car. She stated that she got a flat tire at this time. She further testified that she parked on the shoulder of the expressway because of the flat tire. Jenson testified that she left her car until Monday because she did not have a spare tire nor the necessary funds to have the tire repaired.

The sole issue presented on appeal is whether the trial judge erred when he granted defendants' motion for directed verdict.

The law is well settled in Michigan that upon a motion for directed verdict the testimony must be strongly construed in favor of the party against whom the verdict would be directed. In this case there was no direct evidence and little, if any, circumstantial evidence which would connect the defendants with the alleged tortious act.

We understand it is still the law of Michigan that a plaintiff bears the burden of proving a prima facie case of negligence. As we read this record we find nothing the trial judge could submit to the jury. White Chevrolets are not exactly museum pieces in Michigan. The fact that plaintiff testified she saw a white Chevrolet in her rear-view mirror before the accident, with nothing more, falls short of the quantum of proof necessary to establish a jury-submissible question.

We affirm. Costs to defendants.